IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOEL T.[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Civ. No. 3:21-cv-00068-CL

**OPINION AND ORDER**

**CLARKE**, United States Magistrate Judge.

Plaintiff Joel T. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For the reasons provided below, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits ("DBI") under Title II in May 2015 with an alleged onset date of January 1, 2010. Tr. 374–80[2]. Plaintiff also filed an application for SSI in May 2015, with an alleged onset date of January 1, 2010. Tr. 381–87. Plaintiff's applications were initially denied in January 2016, and again upon reconsideration in April 2016. Tr. 77–153. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. 240–41, and a hearing was held on March 27, 2018. Tr.180. On June 21, 2018, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 166. The Plaintiff then timely filed an appeal with the Appeals Council, Tr. 300–03, where the case was remanded for further proceedings. Tr. 173–75. A subsequent hearing was held on February 26, 2020. Tr. 180. At the hearing, Plaintiff amended his alleged onset date to May 1, 2015. Tr. 181. On March 31, 2020, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 195. The Appeals Council granted a request for review on September 28, 2020, Tr. 8, and issued a partially favorable opinion on December 3, 2020, finding Plaintiff became disabled on March 31, 2020, but was not disabled prior to this date. Tr. 12. Plaintiff's timely appealed followed.

## FACTUAL BACKGROUND

Plaintiff was 49 years old on the amended alleged onset date. Tr. 9. He has an eighth-grade education and has past relevant work as an Asphalt Worker, but is no longer able to perform the past relevant work. Tr. 193–94, 445. Plaintiff alleges disability based on carpal tunnel, severe arthritis, poor memory, and a stroke in 2013. Tr. 444.

---

[2] "Tr." Citations are to the Administrative Record. ECF No. 11.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-

       related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.   Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.   Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir. 2001).

     The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953–54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954–55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of his application. Tr. 183. At step two, the ALJ found that Plaintiff had the following severe impairments: carpal tunnel syndrome, degenerative joint disease of the knees, chronic obstructive pulmonary disease, adjustment disorder, cannabis use disorder, and alcohol use disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 184. The ALJ found that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] can occasionally lift/carry and push/pull 20 pounds, and frequently lift/carry and push/pull 10 pounds. He can stand/walk for a total of six hours total in an eight-hour workday. He needs the use of a cane when walking long distance or on uneven terrain. He can sit for six hours in an eight-hour workday. He can occasionally operate foot controls bilaterally. He can occasionally handle bilaterally. He can frequently finger and feel bilaterally. He can occasionally push/pull with the upper extremities. He can occasionally climb ramps/stairs. He can never climb ladders, ropes or scaffolds. He can occasionally stoop and kneel. He can never crouch or crawl. He should not be exposed to unprotected heights or moving mechanical parts. He should not be required to operate a motor vehicle as part of his work duties. He should avoid concentrated exposure to atmospheric conditions and extreme cold. He should have no exposure to vibration. He is limited to simple routine tasks. He can have occasional interaction with the public.

Tr. 187. At step four, the ALJ determined that Plaintiff has past relevant work and is now unable to perform any past relevant work. Tr. 193–94. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite his impairments. Tr. 194. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 195.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden

of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents a single issue for review: whether the ALJ erred at step five by relying on testimony from the vocational expert ("VE") to support finding that Plaintiff could perform work that exists in significant numbers in the national economy.[3] For the reasons that follow, the Court concludes that reversal and remand for further proceedings is warranted in this case.

At step five of the sequential disability analysis, the ALJ is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy" that could be done by an individual with the same RFC, age, education, and work experience as the claimant. 20 C.F.R. §§ 404.1560(c)(2). The ALJ can satisfy this burden by taking the testimony of a VE. *Desrosiers v. Secretary of Health and Hum. Servs.*, 846 F.2d 573, 578 (9th Cir. 1988). The ALJ may pose detailed hypothetical questions to the VE to establish what jobs, if any, the claimant can do. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). The VE then translates the ALJ's scenarios into "realistic job market probabilities" by testifying about what kinds of jobs the claimant can still perform and whether there is a sufficient number

---

[3] Plaintiff assigns error only with respect to the "unfavorable" portion of the Appeals Council decision. Pl.'s Br. 3, ECF No. 18.

of those jobs available in the economy. *Id.* (quoting *Tackett*, 180 F.3d at 1101). The Ninth Circuit has not created "a bright-line rule for what constitutes a 'significant number' of jobs" in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). However, the Ninth Circuit has yet to endorse a number below 25,000. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (determining that 25,000 jobs available nationwide was a "close call" but nevertheless constituted a significant number).

"[T]he Social Security Administration relies primarily on the *Dictionary of Occupational Titles* ['DOT'] for information about the requirements of work in the national economy," and a VE's testimony generally should be consistent with it. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). "[I]n the absence of any contrary evidence, a VE's testimony is one type of job information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability." *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017). When there is a conflict between the DOT and a VE's testimony, neither automatically prevails over the other. *Id.* The ALJ must determine whether a conflict exists and, if so, determine whether the expert's explanation for the conflict is reasonable and whether there is a basis for relying on the expert rather than the DOT. *Id.*

During Plaintiff's February 2020 hearing, the VE testified that Plaintiff would be able to perform the following occupations: (1) laminating machine offbearer, with approximately 106,000 available jobs; (2) kosher inspector, with approximately 60,000 available jobs; and (3) assembly machine tender, with approximately 50,000 available jobs. Tr. 51–52. Plaintiff's counsel asked the VE about the source of his estimates, and the VE responded he was basing his information on the Bureau of Labor Statistics (the "BLS") and his own experience. Tr. 55. After the hearing, Plaintiff submitted a post-hearing memorandum objecting to the VE's testimony

regarding the available number of jobs in the national economy, showing that in his search of jobs using the "Job Browser Pro" program the job numbers were 213 jobs available for laminating machine offbearer, 390 jobs available for kosher inspector, and 1,879 jobs available for assembly machine operator. Tr. 597. Plaintiff asserts that the ALJ thus improperly found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* The Notice of the Appeals Council Action states that the Appeals Council "considered the written record that was before the Administrative Law Judge and the testimony at the hearing, and the contentions submitted in the request for review." Tr. 370. The Decision of the Appeals Council states "[t]he Appeals Council adopts the Administrative Law Judge's finding that from May 1, 2015, the application date, through March 30, 2020, the day before the hearing decision, there are jobs that exist in significant numbers in the national economy that the claimant can perform," relying upon the VE's testimony. Tr. 9–10.

Plaintiff asks the Court to review the post-hearing memorandum as evidence submitted to the ALJ on March 9, 2020, after the hearing on February 26, 2020, but before the decision was rendered on March 31, 2020. Tr. 597.

"Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011). Under the relevant regulations, the Appeals Council is required to review a case if the Appeals Council "receives additional evidence to review that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Additionally, "in reviewing decisions based on an application for benefits, the

Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if [the claimant] show[s] good cause for not informing us about or submitting" written evidence no later than five business days before the date of the scheduled hearing. 20 C.F.R. §§ 404.970(b), 416.1470(b); *see also* 20 C.F.R. §§ 404.935(a), 416.1435(a) (requiring parties to inform the Commissioner about or submit any written evidence no later than five business days before the date of the scheduled hearing). Good cause can be shown if an "unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [the claimant] from informing us about or submitting the evidence earlier." 20 C.F.R. §§ 404.970(b)(3), 416.1470(b)(3).

The Ninth Circuit has held that a claimant who is represented by counsel "must, at a minimum, raise the issue of the accuracy of the [vocational] expert's estimates at some point during administrative proceedings to preserve the challenge on appeal in federal district court." *Shaibi v. Berryhill*, 883 F.3d 1102, 1003 (9th Cir. 2017). The Ninth Circuit has recognized that "a claimant will rarely, if ever, be in a position to anticipate the particular occupations a VE might list and the corresponding job numbers to which a VE might testify at a hearing." *Id.* at 1110. "It is enough to raise the job-numbers issue in a general sense before the ALJ. A claimant may do so by inquiring as to the evidentiary basis for a VE's estimated job numbers[.]" *Id.*

Plaintiff asserts that his "Job Browser Pro" report is evidence that would likely have changed the outcome of the ALJ's decision. Pl.'s Op. Br. 10–11, ECF No. 18. The Court agrees. The difference between the VE's estimates of nearly 260,000 available jobs nationwide and Plaintiff's estimate of 2,482 jobs available nationwide is a sufficiently wide gap that, if properly reconciled, could have affected the ALJ's decision. While the Ninth Circuit has not established a minimum number of jobs that qualifies as "significant" in the national economy, there is a

reasonable probability that the ALJ would have decided the fifth step differently based on Plaintiff's estimate of 2,482 jobs available nationwide. *See, e.g.*, *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (determining that 25,000 jobs available nationwide was a "close call"); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012) (determining that 1,680 jobs available nationwide did not constitute a "significant" number of jobs). Furthermore, because Plaintiff could only have asked the VE about the source of his estimates during the hearing, the Court finds that Plaintiff sufficiently raised the job-numbers issue in a general sense before the ALJ. *See Shaibi*, 883 F.3d at 1110. Plaintiff could not have anticipated the specific occupations the VE listed at the February 2020 hearing. *Id.* As such, Plaintiff had good cause for not submitting the "Job Browser Pro" reports five days prior to the hearing.

Here, the Plaintiff submitted additional evidence to the ALJ, but not to the Appeals Council. On Plaintiff's requested review of this case by the Appeals Council there is no indication Plaintiff ever identified the additional evidence in his submissions to the Appeals Council, but only in their brief submitted to this Court. The Appeals Council is not required to consider additional evidence the Plaintiff fails to submit to the Appeals Council. *See Taylor*, 659 F.3d at 1233.

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting

evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). Here, there remains a conflict between the job numbers the VE provided in his testimony and the job numbers Plaintiff submitted to the ALJ. As a result, the ALJ's decision was not supported by substantial evidence. Remanding for proceedings would allow the ALJ to reconcile the differences between Plaintiff's submission and the VE's testimony. While the Appeals Council was not required to review this evidence, the ALJ's failure to do so calls for a remand so that the ALJ can reconsider the decision in light of the additional evidence. *See Taylor*, 659 F.3d at 1233.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED and DATED this 22 day of March, 2023.

MARK D. CLARKE
United States Magistrate Judge